IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| GUY G. SHANNON, Jr. #201-038 | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v | * | Civil Action No. ELH-16-3067 |
| | * | |
| ALL DMI ACTIVE GANG MEMBER DOC, | * | |
| et al., | * | |
| | * | |
| Defendants | * | |
| | *** | |

**MEMORANDUM**

On September 2, 2016, Guy Shannon filed a forty-three page complaint presenting claims unrelated in time and subject matter against two dozen defendants. ECF 1. Shannon's lengthy complaint appears to include claims that 1) unidentified Dead Man Incorporated ("DMI") gang members have attempted to kill him since 2009; 2) he is unsafe in the general prison population; 3) since 2014, inmates throw feces and urine on him; 3) he is harassed by correctional officers who want to make sure he does not leave "lock up" and go on protective custody status; 4) he is suffering from mental health problems; 5) in 2015, he was deprived of a walker and handicap rails in the shower and fell; 6) he is verbally harassed by a correctional officer because he is gay and Jewish; 7) the Maryland Parole Commission refused to allow the victim's sister to attend his parole hearing; 8) the Department of Correction Psychology Department improperly discontinued his medication; 9) in 2015, he was treated at Patuxent Institution where he was placed on a new medication that made him sleep all day; and 10) he is receiving inadequate medical care. ECF 1. Many of these unrelated allegations were presented in a conclusory fashion without supporting factual allegations. No allegations were raised against a number of the defendants named in the caption of the complaint. *Id.*

On September 6, 2016, I granted Shannon twenty-eight days to amend the complaint to identify and clarify his claims. ECF 4. Specifically, I directed Shannon to 1) set out each claim; 2) state what federal law or constitutional provision he alleged was violated and why; 3) provide the name or names of the individuals who committed each violation; 4) indicate the date and place the incident occurred; 5) state what injury he suffered as a result; and 6) describe his efforts, if any, to resolve his concerns through the Administrative Remedy Procedure (ARP) process or by filing a sick call slip. *Id.* Shannon was directed to provide the names of the persons who threatened him, the dates he was threatened or harmed, the places he was attacked or harmed, and was instructed to avoid rehashing old claims already considered in previous cases he has filed in this court. *Id.*

Shannon's 23-page supplement, filed on September 26, 2016 (ECF 5), is not fully responsive to the court's Order, and his narrative is confusing. *Id.* However, in light the confidential matters that appear in the supplement (ECF 5), I shall direct that it be placed under seal.

According to Shannon, on June 20, 2013, he was informed by case manager Allen at Jessup Correctional Institution that DMI had placed a hit on his life. ECF 5 at 5. Consequently, Shannon was placed on protective custody pending transfer to the Maryland Correctional Institution in Hagerstown ("MCI-H"). *Id.* at 6. On Jan 13, 2014, Shannon was transferred to MCI-H. But, due to unavailability of beds on the protective custody ("PC") unit, he was transferred to MCI-J on February 3, 2014. *Id.* Shannon states Lt. Harrison, an MCI-J intelligence officer, told him that when a bed became available, he would be returned to the PC Unit at MCI-H. Shannon states his request to be transferred to ECI was denied by Lt. Harrison because

Warden Green said Shannon had filed a lawsuit complaining about the violation of his religious rights. *Id*.

On October 7, 2014, Shannon was stabbed when returning from a shower. ECF 5 at 7. Shannon claims Lt. Harrison and Captain Tracy Parker[1] know the names of the officers who were escorting him at the time of the attack. *Id*.

Shannon was transferred to ECI on October 9, 2014, and placed on a protective custody unit. *Id*. There, other inmates threw feces on him. Shannon complained to corrections officers J. Derr and Wills, but they did not care.[2] On January 19, 2015, he fell in the shower because it had no handrails. *Id.* at 15. On February 24, 2015, two inmates tried to assault him and he was hit in the eye. ECF 5 at 11. Shannon remained at ECI for five months. He was then sent to the mental health unit at Patuxent Institution for 6 weeks before returning to ECI.

Between May 19, 2015 and November 17, 2015, Shannon was housed in an administrative protective custody cell at ECI. He claims that on November 17, 2015, Ms. Bozman, a case manager, told him Warden Green dislikes him because he filed a complaint "against the DOC about Jewish rights." *Id.* at 8. Bozman told him to "sign off PC and waive your enemies or I will send you out of state." *Id.* Shannon asked Bozman whether he could be transferred to the MCI-H PC unit. Bozman replied if he "signed off" protective custody, she would send him to MCI-H, but not the MCI-H protective custody unit. *Id*.

Shannon also complains he has been denied a wheelchair, walker, and handicap shower with handrails on the wall. *Id*. at 15, 20. He alleges that he has not had a shower for over 19

---

[1] Shannon does not claim these defendants failed to protect him from attack.

[2] Shannon does not further elaborate. This claim will be dismissed without prejudice because it does not state a cognizable constitutional claim as presented.

3

months. *Id*. at 12. Further, Shannon claims that on September 21, 2016, a prison gang member convinced a tier officer to open his door so that he could steal Shannon's property. *Id*.

As relief, Shannon asks to be sent to the PC Unit at MCI-H, awarded damages for denial of necessary handicap accommodations, and receive 3000 days of good time credits that were revoked.[3] ECF 5 at 22.

The complaint shall proceed as to the following claims: 1) Shannon is unsafe in his present housing at ECI; 2) Ms. Bozman threatened to transfer him to an out-of-state facility if he did not waive his housing on protective custody; 3) Lt. Harrison denied him protective custody housing for filing a lawsuit against prison officials; 4) Shannon is denied access to a wheelchair, walker, and handicap accessible shower; and 5) Shannon has been denied a shower for 19 months. All other claims shall be dismissed, without prejudice to the right to refile. If Shannon intends to raise these or other claims in the future, he might wish to present no more than three or four claims in each complaint so that he can fully explain his claims and provide supporting allegations of fact.

The following defendants shall be dismissed from this case as no cognizable claims are raised against them, or the claims against them will be dismissed, without prejudice: Commissioner; G. Write; Staves; Chiden; Tracy Parker; Donnoway; Geeger; A. Henry; Lane; Dr. Clem; Kevon Willis; Derr; W Justice; M. Mercer; Joseph Berecky; Wayne; Debbie Ganzalas; John Sandstrom; and ICO. Defendant "All DMI Active Gang Member DOC" will also be dismissed because it is not a state actor amenable to suit under 42 U.S.C. §1983. Lt. Harrison, Ms. Bozman, Warden Green, and Warden Wolf will remain as parties to this action.

---

[3] If Shannon wishes to bring a claim based on sanctions he received for prison rule violations, he may do so in a separate complaint.

An Order follows.

Date: September 30, 2016 /s/
Ellen L. Hollander
United States District Court